**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01161-WJM-BNB

TAHONIE WATTS, and
LASHAWNDA JENKINS, on behalf of themselves individually,
and on behalf of all others similarly situated

      Plaintiffs,

v.

AMERICAN PROPERTY MAINTENANCE, INC., and
BING D. TRAN,

      Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of

Protective Order.  The Court has reviewed that Motion and finds it meritorious and acceptable.

Therefore, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

request for admissions, deposition testimony, and other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ.

P. 34(a).  A draft non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1).

Documents designated as "CONFIDENTIAL" shall be first reviewed by an attorney or *pro se* party who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26 (c)(1).

4.     CONFIDENTIAL documents, materials and/or information (collectively "CONFIDENTIAL" information) shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

a.     attorneys actively working on this case;

b.     persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.     the parties, including designated representatives for Defendant; and to any opt-in plaintiff;

d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosures is necessary for preparation, trial or other proceeding in this case;

e.     the Court and its employees ("Court Personnel");

f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.     deponents, witnesses, or potential witnesses; and

h.      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit 1.  All such written assurances shall be retained by counsel or any *pro se* party and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

8.      Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive such documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.     Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies and copies receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

10.    Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

11.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provision of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objections within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order.  If such a motion is timely filed, the disputed information

shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court

rules on the motion.  If the designating party fails to file such a motion with the prescribed time,

the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter

be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a

motion filed under this provision, the party designating the information as CONFIDENTIAL

shall bear the burden of establishing that good cause exists for the disputed information to be

treated as CONFIDENTIAL.

13.     At the conclusion of this case, unless other arrangements are agreed upon, each

document and all copies thereof which have been designated as CONFIDENTIAL shall be

returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy

CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one

copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file,

and all such retained documents will not be released, disclosed, or utilized except upon express

permission of this Court after written notice to counsel for the Party that produced the

documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying

party shall provide all parties with an affidavit confirming the destruction.

14.     Nothing in this Protective Order shall prevent any party or other person from

seeking modification of this Order or from objection to discovery that the party or other person

believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to

contest the alleged relevancy, admissibility, or discoverability of confidential documents or

information sought.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated July 14, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01161-WJM-BNB

TAHONIE WATTS and LASHAWNDA
JENKINS on behalf of themselves individually,
and on behalf of all others similarly situated

       Plaintiffs,

v.

AMERICAN PROPERTY MAINTENANCE,
INC., and BING D. TRAN

       Defendants.

---

**EXHIBIT 1 TO PROTECTIVE ORDER – CONFIDENTIALITY**

---

I, _____ the undersigned, hereby declare that:

I reside at _____ in the City of _____, County of

_____, State of _____. My telephone number is

_____.

I acknowledge that I have been informed that a Protective Order issued by the Court in

the above-captioned civil action requires confidentiality with respect to information designated

as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly

and absolutely confidential, and in all other respects be bound by the provision of the Protective

Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "CONFIDENTIAL," all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

Executed on _____   _____

     (Date)        (Signature)